IN THE MATTER OF: NOAH GEORGE, POST OFFICE BOX 15, FAISON, NORTH CAROLINA 28341, S. S. NO. 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, DOCKET NO. 4977 AND DUBOSE STEEL, INC., POST OFFICE BOX 1098, ROSEBORO, NORTH CAROLINA 28382 AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, POST OFFICE BOX 25903, RALEIGH, NORTH CAROLINA 27611

No. 784SC584

(Filed 31 July 1979)

1. **Master and Servant § 108.2— unemployment compensation—ability to work**

A claimant for unemployment compensation who was unable to work as a long-distance truck driver because of diabetes was "able to work" within the meaning of G.S. 96-13(a)(3) where the Employment Security Commission found that there are at least six employers in the area who, from time to time, hire local truck drivers; claimant has a reasonable chance of obtaining employment from one of them; and claimant is physically able to perform work not in excess of ten hours per day which does not require heavy lifting or being away from home overnight.

2. **Master and Servant § 108.2— unemployment compensation—insufficient findings for award**

The Employment Security Commission erred in awarding unemployment compensation benefits without making the findings required by G.S. 96-13(a)(1) and (2) that claimant has registered for work and has continued to report to an employment office and that he has made a claim for benefits in accordance with G.S. 96-15(a), the Commission's finding that three separate claim series were started for the claimant being insufficient to meet the statutory requirements.

APPEAL by Dubose Steel, Inc. from *Reid, Judge.* Judgment entered 24 February 1978 in Superior Court, SAMPSON County. Heard in the Court of Appeals 9 March 1979.

Noah George made application for unemployment benefits. Several hearings were held before a claims deputy and an appeals deputy and the case was appealed to the Employment Security

Commission, all of whom ruled that Noah George was entitled to unemployment benefits. The following evidence is not in dispute. In 1974 Noah George was a 64-year-old man who had worked for more than ten years as a long-distance truck driver for the appellant Dubose Steel, Inc. In December 1974 he became ill and was diagnosed as being diabetic. He was unable to work for Dubose as a long-distance truck driver or as a local driver because of the long hours of work involved. Nor was he able to work as a laborer for Dubose because he could not lift heavy objects. He was not qualified by experience or education for any other position with the company. He voluntarily left the employ of Dubose Steel.

Among the findings of fact of the Commission are the following:

"5. In the immediate area in which the claimant lives, there are at least six (6) employers who, from time to time, hire local truck drivers and the claimant has a reasonable chance of obtaining such employment should a vacancy occur.

6. While claiming benefits, the claimant has been physically able to perform work not in excess of ten hours per day which does not require heavy lifting or being away from home over night [sic]. During each such benefit week, the claimant has applied for work with prospective employers."

The Commission concluded that George was able to work and was available for work. The superior court affirmed the award of the Commission.

*Howard G. Doyle, Chief Counsel, Thomas S. Whitaker, V. Henry Gransee, Jr., Gail C. Arneke, by V. Henry Gransee, Jr., for appellee Employment Security Commission of North Carolina.*

*Kimzey, Smith and McMillan, by Stephen T. Smith, for appellant Dubose Steel, Inc.*

*No counsel for appellee Noah George.*

WEBB, Judge.

[1] The appellant contends the evidence did not support the Commission's finding that Noah George was "able to work." G.S. 96-13 provides:

(a) An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that—

(1) He has registered for work at and thereafter has continued to report at an employment office in accordance with such regulations as the Commission may prescribe;

(2) He has made a claim for benefits in accordance with the provisions of G.S. 96-15(a);

(3) He is able to work, and is available for work . . . .

Appellant argues that George's health was such that he could not accept any of the jobs offered to him by Dubose Steel and for that reason he was not able to work within the meaning of the statute. This argument overlooks the findings of fact by the Commission, which are unchallenged by appellant, that there are at least six employers in the area who, from time to time, hire local truck drivers; that claimant has a reasonable chance of obtaining employment from one of them, and that George is physically able to perform work not in excess of ten hours per day which does not require heavy lifting or being away from home overnight. We hold that if a person is able to accept some substantial employment that is available within the area he is able to work within the meaning of the statute. *See In re Beatty*, 286 N.C. 226, 210 S.E. 2d 193 (1974). The findings of fact of the Commission support the conclusion that claimant is able to work.

[2] The appellant next contends that the Commission erred in awarding benefits because no findings were made as required by G.S. 96-13(a)(1) and (2). These two subsections require that no benefits shall be awarded unless the Commission finds the claimant has registered for work and continued to report to an employment office and that he has made a claim for benefits in accordance with G.S. 96-15(a). The Commission found that three separate claim series were started for Noah George. It contends in its brief that this is a phrase that is used by the Commission to show a claimant has been found to have complied with the provisions of G.S. 96-13(a)(1) and (2) unless the Commission finds otherwise. We hold that this finding by the Commission does not support an award of benefits. Whatever the meaning may be

within the Commission, we believe the statute requires more explicit findings of fact which can be understood as meaning what the statute requires. There does seem to be evidence in the record which would support proper findings under these two subsections. We reverse the order of the superior court and remand this case to the end that it be remanded to the Employment Security Commission for proper findings of fact or to take further evidence if the Commission deems it advisable.

Reversed and remanded.

Judges MARTIN (Robert M.) and MITCHELL concur.